HENRY R. PIERSON, AS RECEIVER OF THE NEW YORK STATE LIFE INSURANCE COMPANY, PLAINTIFF, v. JOHN D. SAFFORD AND OTHERS, DEFENDANTS.

*Attorney — lien of, upon his client's cause of action — Code of Civil Procedure sec. 66 — what claim does not constitute a " counter-claim."*

In an action of ejectment brought to recover the possession of land and damages for the withholding thereof, the defendant pleaded a " counter-claim to the damages demanded," consisting of taxes paid and improvements and repairs made to the premises, the amount of which he sought to set off in extinguishment or reduction of the plaintiff's claim for damages.

*Held,* that as this claim did not constitute a cause of action, but could only be applied to reduce the damages which the plaintiff might recover (Code of Civil Procedure, § 1531), it did not constitute a " counter-claim " within the meaning of that term, as used in section 66 of the said Code, giving the attorney of the defendant a lien thereon, and preventing the parties from settling the action without his consent.

APPEAL by Homer Weston, the defendants' attorney, from an order of the Onondaga Special Term denying his motion to set aside the settlement made by the parties, and the order of discontinuance herein, and for leave to continue the action to judgment for the purpose of perfecting his own rights herein.

*Homer Weston,* appellant, in person.

*Goodelle & Nottingham,* for plaintiff and defendants.

SMITH, P. J. :

On reading the appeal book, we are satisfied with the conclusion of the learned judge at Special Term that the defendant John D. Safford is solvent and able pecuniarily to respond to the appellant for whatever compensation he may be entitled to as the attorney of the defendants in this action, and also that the settlement complained of was not made collusively or with intent to defraud the appellant. The settlement was made before judgment.

Such being the facts, the appellant has no footing which gives him a right to set aside the settlement and continue the action for the purpose of collecting his costs, unless the case is within the provisions of the Code which give an attorney a lien upon the cause of

action before judgment. Those provisions are contained in section 66 of the Code of Civil Procedure, as amended in 1879, and are as follows : ": From the commencement of an action or the service of an answer containing a counter-claim, the attorney who appears for a party has a lien upon his client's cause of action or counter-claim which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosesoever hands they may come ; and cannot be affected by any settlement between the parties before or after judgment."

The question arises whether the appellant's clients have a counter-claim in this action to which his lien as an attorney can attach. The action is ejectment. The plaintiff, in his complaint, demands judgment for the possession of the premises described therein and damages for withholding the same. Section 1531 of the Code of Civil Procedure provides that in an action of ejectment, "where permanent improvements have been made in good faith by the defendant, or those under whom he claims, while holding under color of title adversely to the plaintiff, the value thereof must be allowed to the defendant in reduction of the damages of the plaintiff, but not beyond the amount of those damages." Under that section, one of the defendants has set up in her answer what the pleader has termed a "counter-claim to the damages demanded " in the complaint, consisting of taxes paid and improvements and repairs made on the premises, to be set off in extinguishment or reduction of any claim for damages which the plaintiff may recover in the action.

We think the answer does not present a counter-claim, within the meaning of section 66, to which the lien of the attorney can attach. A cause of action is essential to constitute a counter-claim as defined by the Code. (Sec. 501). Here is no cause of action and no claim which is or can be the subject of affirmative relief. The claim set up is only available to meet or reduce any claim for damages which the plaintiff may recover, and if the plaintiff makes no claim for damages at the trial, or establishes none, the claim set up by the defendant goes for naught. In no event can there be an affirmative recovery by the defendant, and consequently there is nothing involved in the action upon which the defendant's attorney can have a lien for costs.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.